In the Matter of the Application of Dr. Else K. LaRoe, Appellant, for an Order of Certiorari Pursuant to Article 78 of the Civil Practice Act, against The Board of Regents of the University of the State of New York, Respondents.— Motion for reargument denied. Motion for leave to appeal to the Court of Appeals denied. Motion for stay denied. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.

Lucy F. Wood, Appellant, v. The State of New York, Respondent. (Claim No. 25070.) — This is an appeal from a judgment of the Court of Claims dismissing the appellant's claim upon the merits. The claim is for personal injuries which the claimant asserts were occasioned by reason of the fact that claimant's foot became lodged between two large stones existing on the pathway in the New York State Reservation at Saratoga Springs. The State of New York maintains as part of its public health policy the Saratoga Springs Reservation at Saratoga Springs, New York, which is under the jurisdiction of the Saratoga Springs Authority. A part of the reservation is set aside as picnic grounds which are open to the general public. There is no revenue received from their use. The grounds are segregated by natural barriers from the rest of the reservation. They are located in the bottom of a bowl with high banks on each side, and an automobile highway leading into the grounds. As a part of the general policy of the Reservation the picnic grounds have been kept in a wild and sylvan condition with no formal landscaping, an attempt being made to protect the natural beauty of the place. The general character of the soil is stony, and there are many cobblestones and other stones which are embedded in the earth which stick up four to five inches. The question of fact is clearly presented by the record. The accident happened in daylight. Claimant went down the same path or trail on entering the grounds. She claims she went down on the opposite side from which she returned, and on which she encountered the stones which she says caused her accident. The trail is now and for sometime has been commonly used by persons going to and coming from the picnic area. It originated and was made from use by workmen at the Geyser Bottling Plant who traveled that way to and from Mennonebe Spring, and it is and for sometime has been kept open and maintained by the State as a path or trail for persons going to and coming from the picnic area. The Court of Claims has found from all the evidence that the State used reasonable care in the maintenance of the path or trail, and on September 27, 1937, the date of the accident, it was in reasonably safe condition for the uses and purposes for which it was intended and maintained. Judgment unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Schenck, JJ.